IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLINTON DIXON, ) | |
| ) | |
| Plaintiff, ) | No.  12 C 1714 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MARCUS HARDY, Warden, Stateville ) | |
| Correction Center, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Clinton Dixon has filed a pro se petition for habeas corpus relief pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  For the reasons discussed below, the habeas petition is denied, and the court declines to issue a certificate of appealability.

**BACKGROUND**

Following a 2004 jury trial in the Cook County, Illinois Circuit Court, petitioner was convicted of first degree murder, home invasion, residential burglary, and armed robbery. Petitioner was sentenced to consecutive terms of fifty years for first degree murder, twenty five years for home invasion, and twenty years for armed robbery.[1]

Petitioner appealed, arguing that the trial court had erred by: (1) denying defense counsel's request to strike a juror who lied about his criminal past during voir dire; (2) refusing to allow defense counsel to question prospective jurors about their attitudes toward drug use and addiction; and (3) failing to appoint alternate counsel to represent petitioner on his post-trial

---

[1]The trial court merged the residential burglary conviction with the home invasion conviction.

motion. People v. Dixon, 887 N.E.2d 577, 579 (Ill.App. 2008). On March 31, 2008, the state appellate court affirmed petitioner's conviction and sentence. Petitioner then sought leave to appeal (PLA) to the Illinois Supreme Court and raised one claim: that the trial court erroneously prohibited defense counsel from asking prospective jurors about their attitudes toward drug abuse and addiction. On September 24, 2008, the state supreme court denied the PLA.

On March 23, 2009, petitioner filed a pro se post-conviction petition in the Cook County Circuit Court pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, et seq., raising several claims, including that appellate counsel was ineffective for failing to argue on direct appeal that petitioner's right to a fair trial was violated when an alternate juror participated in deliberations. The trial court dismissed the petition as frivolous. Petitioner then appealed the denial of his post-conviction petition, and the state appellate court denied his appeal. Petitioner filed a PLA in the Illinois Supreme Court raising one claim: that the trial court erroneously dismissed petitioner's post-conviction petition because it sufficiently stated a claim that appellate counsel was ineffective for failing to argue on direct appeal that petitioner was denied his right to an impartial jury when an alternate juror participated in deliberations. The state supreme court denied the PLA on September 28, 2011.

Petitioner raises three issues in his amended and supplemental petition for habeas corpus:

Claim A: The trial court erred by prohibiting defense counsel from asking prospective jurors about their attitudes toward drug use and addiction.

Claim B: Appellate counsel was ineffective for failing to argue that the petitioner's right to a fair trial was violated when an alternate juror participated in jury deliberations.

Claim C: Trial counsel was ineffective for threatening to quit if the petitioner chose to testify, failing to investigate a potential alibi, failing to object to the admission of

2

the murder weapon into evidence, failing to investigate a key found in the victim's door, failing to call an expert witness regarding false confessions and failing to investigate whether petitioner's confession was the result of police brutality.

## DISCUSSION

**Standard of Review**

Before a state habeas petitioner may pursue his claims in federal court, he must exhaust his remedies in the state courts. 28 U.S.C. § 2254(b); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007) (failure to take claim through one complete round of appellate process results in procedural default). If the petitioner's claims are not exhausted in state court, they are procedurally defaulted and a federal court may not consider them on the merits. Id. at 848. Procedural default also occurs when the state court disposes of the claim on an independent and adequate state procedural ground. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

A state's procedural ground is adequate if it is applied in a "consistent and principled" manner, meaning that it is "firmly established and regularly followed." Page v. Frank, 343 F.3d 901, 909 (7th Cir. 2003) (citations omitted). A state court's decision is independent if "the court must have actually relied on the procedural bar as an independent basis for its disposition of the case." United States ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001) (internal quotations and citations omitted). Further, the state court's reliance on the procedural bar must be clear: "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly

states that its judgment rests on a state procedural bar." Jefferson v. Welborn, 222 F.3d 286, 288 (7th Cir. 2000) (quoting Harris v. Reed, 489 U.S. 225, 263 (1989)).

A federal court may excuse procedural default if the petitioner demonstrates either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To demonstrate cause and prejudice, the petitioner must show that an "objective factor external to the defense impeded [petitioner's] counsel's efforts to comply with the State's procedural rule," such as: "(1) interference by officials that makes compliance . . . impractical; (2) constitutionally ineffective assistance of counsel; [or] (3) a showing that the factual or legal basis for a claim was not reasonably available to counsel." Guest v. McCann, 474 F.3d 926, 929 (7th Cir. 2007) (internal quotations and citations omitted). "Fundamental miscarriage of justice . . . is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent. To show 'actual innocence,' [the petitioner must] present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him." Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir. 2002) (internal citations omitted).

Under the AEDPA, a petitioner is not entitled to a writ of habeas corpus for a non-defaulted claim unless the challenged state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a

4

conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Court. Williams v. Taylor, 529 U.S. 362, 405–06 (2000).

A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Jackson v. Frank, 348 F.3d 658, 662 (7th Cir. 2003). The court can issue a writ only if it determines that the state court's application of federal law was "objectively unreasonable." Williams, 562 U.S. at 409. It is a difficult standard to meet, because unreasonable means something lying "well outside the boundaries of permissible differences of opinion." McFowler v. Jaimet, 349 F.3d 436, 447 (7th Cir. 2003).

**Claim A: Voir Dire**

Petitioner first claims that the trial court erred in not allowing defense counsel to inquire about the potential jurors' opinions on substance abuse during voir dire. Petitioner included this claim in his direct appeal to the Illinois Appellate Court and in his PLA to the Illinois Supreme Court, thereby giving the state courts a full opportunity to address his claim. However, because the Illinois Appellate Court resolved this issue on adequate and independent state procedural grounds, it is procedurally defaulted.

The Illinois Appellate Court explained that petitioner's claim did not implicate his right to a fair trial before an impartial jury and was therefore subject to waiver. The court then explicitly held that petitioner had waived this claim by failing to include it in a post-trial motion. That ruling was unambiguously based on state law procedural ground, and constitutes an independent and adequate basis for denial of the claim. The court therefore finds that petitioner

5

has procedurally defaulted his claim concerning voir dire. See Kaczmarek v. Rednour, 627 F.3d 586, 592-93 (7th Cir. 2010) (Illinois's forfeiture rule adequate state law ground for purposes of federal habeas review).

**Claim B: Ineffective Assistance of Appellate Counsel**

Petitioner's second claim is that appellate counsel was ineffective for failing to raise that the petitioner's right to a fair trial was violated when an alternate juror participated in jury deliberations. This claim was properly presented to the state courts, and the state appellate court addressed petitioner's argument. Petitioner is not entitled to a writ of habeas corpus unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because the state court's decision was not an unreasonable application of applicable Supreme Court law and was not based on an unreasonable factual determination, petitioner is not entitled to relief on this claim.

Under established federal law, to assert an ineffective assistance of counsel claim, petitioner must show both: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). To succeed on his habeas claim, petitioner must demonstrate that the Illinois Appellate Court unreasonably applied the standard set forth in Strickland.

The standard to determine counsel's deficiency requires the petitioner to show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The state appellate court reviewed the evidence that petitioner presented and determined that the

record rebutted petitioner's claim that the alternate juror participated in deliberations. Because there was not sufficient evidence that the alternate deliberated, the court found that counsel's decision not to raise this claim on direct appeal did not constitute deficient performance. This conclusion is consistent with Seventh Circuit precedent applying <u>Strickland</u>, <u>see</u> <u>Smith v. McKee</u>, 598 F.3d 374, 386 (7th Cir. 2010), and this court finds that it was not an unreasonable application of <u>Strickland</u>.

Nor did the court base its decision on an unreasonable determination of the facts. The Illinois Appellate Court did not find any evidence of actual deliberation by the alternate juror. Petitioner presented evidence that the alternate juror was, for a small amount of time, in the same room as the other jurors and answered to the clerk when asked <u>after</u> deliberations if they found the defendant guilty. The court noted that the verdict form bore only the twelve signatures of the jurors directed to deliberate, and did not bear the signature of the alternate. The court concluded, therefore, that petitioner had not presented actual evidence of participation in the deliberations. Because petitioner has not established that the state court's decision was contrary to Supreme Court precedent or based on an unreasonable interpretation of the facts presented, he is not entitled to habeas relief on this claim.

**Claim C: Ineffective Assistance of Trial Counsel**

Petitioner's supplemental petition claims that his trial counsel was ineffective for threatening to quit if the petitioner chose to testify, failing to investigate a potential alibi, failing to object to the admission of the murder weapon into evidence, failing to investigate a key found in the victim's door, failing to call an expert witness regarding false confessions, and failing to investigate whether the petitioner's confession was the result of police brutality. These issues

7

were raised in petitioner's pro se post trial motion for a new trial, but not raised in his direct appeals. Petitioner also raised these issues in his postconviction petition in the state court, but he failed to include these claims on postconviction appeal in the state appellate court. Because these issues were not raised in a full round of state court proceedings, they are defaulted.

As the Supreme Court found in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" to preserve a claim for habeas review. See also Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir.2003) (failure to take claim through "complete round" of appellate process resulted in procedural default). Federal courts may review defaulted claims if the petitioner shows cause for failure to raise them at the appropriate time and actual prejudice that resulted from such failure, or if a fundamental miscarriage of justice would result from the failure to address the defaulted claims. Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir.1999). Petitioner makes no showing of prejudice that would have prevented this claim from being raised in state court.

In his reply, petitioner argues that his procedural default may be excused under the exception created in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Martinez held that where state law requires ineffective assistance of trial counsel claims be raised in collateral proceedings instead of on direct appeal, the collateral proceeding is essentially an "initial-review". Procedural default of an ineffective assistance of trial counsel claim in the initial review collateral proceeding will not bar a federal habeas court from hearing that claim if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. at 1315.

Petitioner argues that Martinez applies because he was not appointed counsel in his state collateral proceeding. However, Martinez does not apply to the instant case because Illinois allows defendants to raise claims of ineffective counsel on direct review. People v. Foster, 660 N.E.2d 951, 958 (Ill. 1995). Therefore, collateral proceedings are not "initial-review" proceedings as defined in Martinez, and petitioner's default cannot be excused under this exception.

Petitioner also argues that his default should be excused based on a procedural innocence claim. A petitioner can claim procedural innocence based on the contention that the violation of his constitutional rights "denied him the full panoply of protections afforded to criminal defendants by the Constitution." Schlup v. Delo, 513 U.S. 298, 314-15 (1995); see also United States ex rel. Parker v. Hodge, No. 04 C 5147, 2012 WL 707096, at *9 (N.D. Ill. Mar. 5, 2012). In this situation, a claim of actual innocence may serve as a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993).

To overcome procedural default through the actual innocence exception, a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. The new evidence may include "'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup, 513 U.S. at 324). The

9

Seventh Circuit has held that for the purpose of establishing procedural innocence, evidence is "new" if it was not presented at trial, even if it was known to a defendant at the time of trial. Gomez v. Jaimet, 350 F.3d 673 (7th Cir. 2003).[2]

The standard for this exception is extremely rigorous. The fundamental-miscarriage-of-justice exception applies only in the "extremely rare" and "extraordinary case" where the petitioner is actually innocent of the crime for which he is imprisoned. Schlup, 513 U.S. at 321. To support his claims, petitioner argues that video tape and log records exist that support his claim that he was at the hospital with his child during the time of the crime, and that photographs exist of his black eye that support his claim that his confession was coerced. The court notes, however, that petitioner has not tendered this evidence; he simply asserts that such evidence exists. To the extent this evidence does exist, the court finds that it does not meet the extremely demanding standard set forth in Schulp and its progeny, and that petitioner's procedural default cannot be excused.

Gomez assumes that petitioner has a potentially valid ineffective assistance of counsel claim, but the record demonstrates that is not the case here. Petitioner raised these alibi and coercion claims in his post trial motion for a new trial, and the trial court conducted a hearing and questioned trial counsel regarding his performance and trial strategy. Noting that counsel was relieved of his "burdens of confidentiality" in light of petitioner's pro se motion, the court questioned counsel regarding his investigation into the alibi defense. Counsel stated:

---

[2]The court notes that there is a circuit split regarding whether "newly presented" evidence is distinguishable from "new evidence." See Cleveland v. Bradshaw, 693 F.3d 626, 633 (6th Cir. 2012). This is particularly relevant in the instant case because petitioner clearly knew of the existence of this alleged evidence during trial.

> Judge, it was never a potential defense after my initial interview with [the defendant], and it was never a viable defense, because after the initial interview, and after I confronted him with other evidence in the case, the results of the investigation, and discussed with him things he had said to me in the initial interview, certainly admissions were made, and subsequent discussions with [the defendant] which ultimately impacted on my advice I gave him, obviously [regarding] testimony at trial and whether he should testify.

The court specifically addressed the potential alibi on the record and found no merit to petitioner's claims. The court stated:

> I find that the representation afforded to [the defendant] was consistent with the requirements of the seminal cases that guide us, Strickland versus Washington, that the Defendant's—that the representation of these Defense Counsel was in keeping with the standards that we expect from counsel * * * that the allegations themselves based upon them being fleshed out more completely here do not satisfy the second prong of the Strickland case.

In light of this record, petitioner's underlying claim of ineffective assistance is weak. Petitioner's trial counsel appears to have made the strategic decision not to pursue an alibi defense based on the evidence and representations by the petitioner. There is no evidence that counsel's performance fell below an objective standard of reasonableness, as required by Strickland.

Further, petitioner's showing is weak; the "new" evidence alluded to is not so strong as to overcome the overwhelming evidence presented at trial. The State introduced petitioner's oral statement to police and his subsequent videotaped confession, which were substantially the same. In those confessions, petitioner explained how he had accessed the victim's house through a window on the side door, which he knew provided easy access because he had repaired it. Petitioner gave a detailed statement regarding his encounter with the victim. He also assisted the police in recovering the murder weapon. In light of this overwhelming evidence, the court finds that the "new" evidence presented does not lead to the conclusion that it is more likely than not

"that no reasonable juror would have convicted him." Therefore, petitioner's procedural default of his ineffective assistance claims cannot be excused under the gateway innocence exception.

**Certificate of Appealability**

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). When the court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Id. at 484-85. When "the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims . . . a petitioner must also show that jurists could debate whether the court's procedural ruling was correct." Id.

All of petitioner's claims are procedurally defaulted, and petitioner has not made a substantial showing of the denial of a constitutional right such"that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000). The court therefore declines to issue a certificate of appealability.

## **CONCLUSION**

For the reasons discussed above, the petition for a writ of habeas corpus is denied. The court declines to issue a certificate of appealability.

**ENTER:** **July 28, 2014**

**Robert W. Gettleman**
**United States District Judge**